UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-01-RJC
(3:07-cr-97-RJC-1)

| | | |
|---|---|---|
| THOMAS DONNELL SIFFORD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's third Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255, (Doc. No. 1). For the reasons that follow, the Court will dismiss the motion because it is an unauthorized, successive petition.

I.   BACKGROUND

On April 10, 2008, the Court entered Judgment on Petitioner's sentence of 132 months' imprisonment for possession with intent to distribute cocaine and cocaine base (Count One) and 120 concurrent months' imprisonment for possession of ammunition by a convicted felon (Count Two). (Case No. 3:07-cr-97, Doc. No. 30: Judgment at 2). The United States Court of Appeals for the Fourth Circuit Court denied his appeal on May 15, 2009, United States v. Sifford, 330 F. App'x 46 (4th Cir. 2009), and the Supreme Court denied his petition for writ of certiorari on June 29, 2009, Sifford v. United States, 557 U.S. 945 (2009).

Petitioner then filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 on November 18, 2010, which the Court dismissed as untimely. (Case No. 3:10-cv-596, Doc. No. 1: Motion; Doc.

1

No. 4: Order). He did not appeal that decision. On January 13, 2012, Petitioner filed a second § 2255 motion, attacking his drug sentence in light of Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010) and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), which the Court dismissed as successive. (Case No. 3:12cv19, Doc. 1: Motion; Doc. No. 3: Order). The Fourth Circuit dismissed his appeal of that decision for failure to prosecute on December 5, 2013. (Id., Doc. No. 7: Order).

On September 26, 2013, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 attacking his drug sentence on Count One and his firearm conviction on Count Two in light of Simmons. (Case No. 3:13-cr-541, Doc. No. 1). Another district judge denied relief on the drug sentence but vacated the firearm conviction on December 16, 2013. (Id., Doc. No. 7: Order). On December 31, 2013, Petitioner filed this third § 2255 petition again attacking his drug sentence under Simmons. (Doc. No. 1).

II.  STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that second or successive motion must be certified as provided in § 2244 by a panel of the

2

appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

There is no mention in the instant motion that Petitioner first secured the necessary authorization to file a second, successive motion under § 2255, nor is there any indication of such in the record. Instead, Petitioner claims that the instant motion is not successive because it is the first motion following the amendment of the judgment to remove the firearm conviction. (Doc. No. 1: Motion at 5). Petitioner bases his argument on Magwood v. Patterson, 130 S. Ct. 2788, 2795, 2801 (2010), in which the Supreme Court found a motion to vacate pursuant to 28 U.S.C. § 2254 following a resentencing was not successive because that petitioner sought to attack new errors in the new judgment. Here, Petitioner has not been resentenced and seeks to attack alleged errors affecting the drug sentence in the original judgment. (Doc. No. 1: Motion at 1).[1] Therefore, the Court is without jurisdiction to consider it. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003); United States v. Dudley, 512 F. App'x 378 at *1 (4th Cir. Mar. 1, 2013) (in case where petitioner sought relief under Simmons, district court was obligated to dismiss unauthorized successive § 2255

---

[1] The motion incorrectly lists the date of the judgment as August 7, 2007, which was the date of his guilty plea. (Compare Case No. 3:07-cr-97, Doc. No. 25: Minute Entry of Guilty Plea with Doc. No. 30: Judgment). Additionally, Petitioner has not cited any cases in the Fourth Circuit extending Magwood in the manner he suggests, nor has the Court found any. In fact, district courts considering the issue have declined to do so. See e.g. Oddman v. United States, Case No. 1:13-cv-128 at 1 n.1, W.D.N.C. Aug. 22, 2013 (Reidinger, J.) (modification of sentence under 18 U.S.C. § 3582 does not constitute a new "judgment"), appeal dismissed, United States v. Oddman, --- F. App'x --- (4th Cir. Feb. 25, 2014); Jackson v. United States, Case No. 3:12-cv-3350 (S.D.W. Va. Apr. 4, 2014)(Chambers, J.) (same); Long v. Lancaster, 1:12-cv-119, at 3 (M.D.N.C. Aug. 2, 2012) (Eagles, J.) (attack of sentence clarified without resentencing or new judgment being issued was successive).

motion); Villanueva v. United States, 346 F.3d 55, 61-62 (2d Cir. 2003) (dismissal of prior § 2255 as untimely is an adjudication on the merits requiring appellate permission to file second or successive motion).

IV.     CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** as successive.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right). Petitioner has failed to make the required showing.

Signed: April 18, 2014

Robert J. Conrad, Jr.
United States District Judge